IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES D. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:19-cv-00648 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| DISTRICT ATTORNEY GENERAL, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Before the Court is a *pro se* complaint for alleged violation of civil rights pursuant to 42 U.S.C. § 1983 (Doc. No. 1), filed by Charles D. Johnson, an inmate at the Northeast Correctional Complex in Mountain City, Tennessee. Plaintiff has also filed an application to proceed *in forma pauperis* (IFP) (Doc. No. 2), which the Court will grant by Order entered contemporaneously herewith. The complaint is now before the Court for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## **INITIAL REVIEW OF THE COMPLAINT**

I.   PLRA SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, § 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in § 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the

complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, *pro se* pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

II.     SECTION 1983 STANDARD

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the

Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cty.*, 763 F.3d 592, 595 (6th Cir. 2014).

III.   ALLEGATIONS AND CLAIMS

Plaintiff alleges that he has been convicted in state court and sentenced to life in prison plus 25 years, for the offenses of first-degree felony murder and especially aggravated robbery. (Doc. No. 1 at 3–4.) He alleges that "this civil action stems from the admitted facts that the District Attorney General's Office prosecuted the plaintiff without . . . formally indicting him," and that the presiding judge, the District Attorney, and his defense counsel knew of this defect but failed to correct it. (*Id.* at 4.) Plaintiff alleges that he has filed "several motions appealing this matter," resulting in formal recognition of the fact that he was never indicted by the grand jury, and yet he is still illegally restrained. (*Id.*) As relief, Plaintiff seeks that "this matter be reversed," that he be released from prison, and that he be awarded damages. (*Id.* at 5.)

IV.   ANALYSIS

In this action under § 1983, Plaintiff seeks immediate release from incarceration and monetary damages based on his prosecution in the absence of an indictment. However, challenges to the validity of an inmate's confinement are not properly lodged under § 1983, but are within the sole province of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Moreover, regardless of the theory under which Plaintiff seeks damages, "[w]hen success in a § 1983 prisoner action would implicitly question the validity of conviction or duration of sentence, the prisoner must first successfully pursue his state or federal habeas corpus remedies," i.e., his conviction or sentence must have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or . . . called into question by a federal court's issuance of a writ of habeas corpus." *Gardner v. Morriss*, No. 3:17-cv-00747, 2017 WL 4805205, at *2 (M.D. Tenn. Oct. 24,

2017) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)); *see Sykes v. Anderson*, 625 F.3d 294, 309 (6th Cir. 2010) (applying *Heck*'s favorable termination rule in § 1983 action for malicious prosecution). The complaint before the Court obviously does not reflect Plaintiff's success in the pursuit of such remedies.

Finally, although the complaint contains no further information concerning the subject convictions or their timing, the Court takes judicial notice of the June 1, 2018 decision of the Tennessee Court of Criminal Appeals affirming the dismissal of Plaintiff's third petition for state habeas relief, in which it is recited that Plaintiff pled guilty to these offenses and was sentenced in 1998. *Johnson v. State*, No. E2018-00112-CCA-R3-HC, 2018 WL 2491619, at *1 (Tenn. Crim. App. June 1, 2018). It therefore appears that, in addition to the grounds discussed above, this action is subject to dismissal pursuant to the one-year statute of limitations. *See*, *e.g.*, *Henley v. Little*, No. 3:08-1148, 2009 WL 211139, at *2 (M.D. Tenn. Jan. 26, 2009), *aff'd*, 308 F. App'x 989 (6th Cir. 2009) ("In Tennessee, a one-year statute of limitations applies to civil rights claims brought under § 1983.").

## **CONCLUSION**

For the reasons set forth above, the Court finds that Plaintiff fails to state a claim upon which relief may be granted, and that his complaint must therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order will enter.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE